**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MONA S. MURILLO, <br><br>                 Plaintiff, <br><br> v. <br><br> JONATHAN P. COTA, et al., <br><br>                 Defendants. | Case No.: 3:25-cv-00574-BJC-VET <br><br> **ORDER (I) DENYING ECF NOS. 42, 46, 49, 50, 53, AND 56 AND (II) GRANTING IN PART AND DENYING IN PART ECF NO. 59** |

Before the Court are the following motions (collectively "Motions"):

1.      Plaintiff's January 22, 2026 motion for "a Court Order Directing CDCR/RJD to Give Plaintiff Video or Telephone Conference to Interview Witness (Inmate Witness) and Defendant Correctional Staff and Medical." ECF No. 42 ("Motion for Interviews");

2.      Defendant's January 30, 2026 motion to strike Plaintiff's Interview Motion. ECF No. 46 ("Motion to Strike");

3.      Plaintiff's February 2, 2026 motion for "Court Ordering Video Neutral Evaluation [ENE] and Case Management Conference and Ordering CDCR Provide ADA Accommodations at the Conference." ECF No. 49 ("Motion for ENE/CMC");

4.      Plaintiff's February 2, 2026 motion for a "Protective Order and Order for Confidential Filings by All Parties." ECF No. 50 ("Motion for Confidential Filings");

1

5. Plaintiff's February 10, 2026 "[Proposed] Protective Order." ECF No. 53 ("Proposed Protective Order");

6. Plaintiff's February 23, 2026 motion for an "Order Notifying RJD Warden of Pendency of this Action for Access to the Court Via Law Library." ECF No. 56 ("Motion for Access to the Law Library"); and

7. Plaintiff's April 29, 2026 motion for the "Court to Identify Motions Denied as Moot in Order [ECF No 58]." ECF No. 59 ("Motion to Identify").

Having considered the Motions, the record before it, and for the reasons discussed below, the Motions are **GRANTED IN PART** and **DENIED IN PART**.

## I. MOTION FOR INTERVIEWS AND MOTION TO STRIKE (ECF NOS. 42, 46)

In the Motion for Interviews, Plaintiff requests that the Court order the California Department of Corrections and Rehabilitation ("CDCR") and Richard J. Donovan Correctional Facility ("RJD") to allow Plaintiff to interview inmates, correctional facility staff, and medical providers, telephonically or through video conference, with ADA accommodations. ECF No. 42 at 1. Plaintiff wishes to interview the witnesses, identified in two lists, to determine who to depose and who to call at trial. *Id.* at 1–4. Certain Defendants move to strike Plaintiff's Motion for Interviews on the grounds that it is "untimely and improper" because discovery is not open. ECF No. 46 at 2 (arguing that "Plaintiff's motion is a request for a detailed court order concerning the manner and scope of discovery").

On April 20, 2026, the Court granted Plaintiff leave to file a first amended complaint and gave Defendants additional time to file a responsive pleading. ECF No. 58. Given the current posture of the case, opening discovery, including ordering CDCR and RJD to allow Plaintiff to interview witnesses, is premature. When the pleadings are final and all named parties have appeared, the Court will hold an Early Neutral Evaluation ("ENE") and a Case Management Conference ("CMC"), as necessary. After the CMC, the Court will issue a scheduling order governing matters in this action, including discovery. *See generally* Fed.

3:25-cv-00574-BJC-VET

R. Civ. P. 26–37. During the discovery period, Plaintiff can request information, documents, and evidence as permitted by the Federal Rules of Civil Procedure. Therefore, the Motion for Interviews is **DENIED**. Given the Court's ruling on the Motion for Interviews, the Motion to Strike is **DENIED AS MOOT**.

## II.    MOTION FOR ENE/CMC (ECF NO. 49)

In the Motion for ENE/CMC, Plaintiff requests that the Court set an ENE/CMC via video and order CDCR to provide Plaintiff with an "ADA-Laptop Caption Accommadation [sic]" for the hearings. ECF No. 49 at 1.

Plaintiff's request for an ENE/CMC is also premature given that the pleadings are not final and all named defendants have yet to appear. As set forth in the Court's Local Rules, the Court will hold an ENE/CMC when the named defendants file an answer. Accordingly, the Motion for ENE/CMC is **DENIED**, and her accompanying request for accommodations is **DENIED AS MOOT**.

## III.    MOTION FOR CONFIDENTIAL FILINGS AND PROPOSED PROTECTIVE ORDER (ECF NOS. 50, 53)

In her Motion for Confidential Filings, Plaintiff moves for (i) a protective order and (ii) a court order directing all parties to file Plaintiff's medical records and C-File documents as confidential and restricting the public's access to these records. ECF No. 50 (requesting that certain records filed with the Court by Defendant be sealed in an envelope). In support thereof, Plaintiff highlights the physical safety risks to Plaintiff, her right to privacy, and the patient-doctor privilege. *Id.* Plaintiff does not attach any records to her request and does not show that any medical records or C-File documents are currently publicly available on the docket. *See id.* Plaintiff also filed a "Proposed Protective Order," docketed as a "Motion for Protective Order." ECF No. 53. Because Plaintiff seeks similar relief in both motions, the Court addresses the motions together.

As an initial matter, the Court notes that this is Plaintiff's *third* request for a standing court order sealing these records and/or directing parties to file the records as confidential. *See* ECF Nos. 4, 5, 16. The Court denied each of Plaintiff's prior requests. ECF Nos. 14,

40. And for the same reasons the Court denied those prior requests, the Court denies the instant motions.

First, to the extent Plaintiff seeks to seal documents, Plaintiff does not present any documents for the Court's review. *See* ECF Nos. 50, 53. As such, nothing is available for the Court to analyze for purposes of sealing. Second, Plaintiff does not show that the records she references will be publicly disclosed in the future. Third, to the extent Plaintiff seeks a standing order requiring the future sealing of medical or other records, the Court will not grant motions to seal preemptively. *See Bangert v. Cty. of Placer*, Case No. 2:17-cv-1667-KJN-P, 2019 U.S. Dist. LEXIS 14287, at *36 (E.D. Cal. Jan. 29, 2019) (denying request to seal "papers that had not yet been filed"); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003) ("A party asserting good cause [for a protective order] bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted."). For these reasons, the Motion for Confidential Filings and Proposed Protective Order are **DENIED** without prejudice. If Plaintiff believes a protective order is warranted, Plaintiff shall meet and confer with opposing counsel once all parties have appeared and file a joint motion for a protective order if the parties agree on the terms of such an order.

Lastly, Plaintiff is cautioned that filing repetitive motions will not increase the speed at which this case proceeds. Filing repetitive or premature motions are abusive litigation practices that strain the Court's resources and generally delay proceedings. This Court is sensitive to Plaintiff's pro se status, but that status is not a license to abuse the litigation process and ignore the rules and orders of this Court. The Court reminds Plaintiff that "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012). And because pro se status does not permit litigants to harass others or needlessly clutter already full court dockets, district courts have the inherent power to control their dockets, including striking documents, awarding monetary sanctions, and dismissing actions. *See Ready Transp., Inc. v. AAR Mfg., Inc.*, 627

3:25-cv-00574-BJC-VET

F.3d 402, 404–405 (9th Cir. 2010) (district courts' inherent power to control their dockets "includes the power to strike items from the docket as a sanction for litigation conduct" and goes "as far as to dismiss entire actions to rein in abusive conduct").

**IV.    MOTION FOR ACCESS TO THE LAW LIBRARY (ECF NO. 56)**

In the Motion for Access to the Law Library, Plaintiff asks the Court to direct "Raphel Acevedo - RJD-Warden and Facility 'C' Captain" to give Plaintiff access to the law library and access to writing, copying, and mailing supplies to prosecute her case. ECF No. 56 at 1. In support thereof, Plaintiff cites to *Bounds v. Smith*, 430 U.S. 817, 828 (1977). However, *Bounds* "did not create an abstract, freestanding right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Instead, prison officials must provide inmates with "meaningful access to the courts," and providing a law library is merely "one constitutionally acceptable method to assure meaningful access to the courts." *Id.*

To state a plausible claim for a violation of the right to meaningful access to the courts, a prisoner must allege that he or she suffered an actual injury, or prejudice, caused by the denial of access to legal materials. *See id.* at 349. Here, Plaintiff does not demonstrate any actual injury or prejudice. She does not show she was denied access to the law library or any other legal resources. *See* ECF No. 51 at 1. On the contrary, the fact that Plaintiff has filed *more than 30 motions or requests* in this action suggests she has adequate access to legal resources and supplies and thus meaningful access to the Court. *See, e.g.*, ECF Nos. 2, 4–8, 10–13, 16, 17, 34, 36, 38, 39, 41, 42–45, 47–53, 55–57, 59–61.

Furthermore, the Court notes that RJD may give Priority Legal User ("PLU") status to certain prisoners, especially those with specific upcoming deadlines. *See Varnado v. L.A. Cty. Sheriff's Dep't*, Case No. 2:18-cv-05923-JAK-KES, 2019 U.S. Dist. LEXIS 239647, at *3 (C.D. Cal. June 25, 2019) (denying plaintiff's motion for law library access because he did not have any pending court deadlines, and affirming that the Los Angeles County Men's Central Jail is entitled to give priority access to prisoners with specific upcoming deadlines). RJD may also regulate the time, manner, and place by which

3:25-cv-00574-BJC-VET

prisoners use library facilities. *Id.* at *3–4. Plaintiff does not currently raise any issue relating to meeting any case deadlines. *See* ECF No. 56.

For these reasons, the Motion for Access to the Law Library is **DENIED in its entirety**.

## V.   MOTION TO IDENTIFY (ECF NO. 59)

In the Motion to Identify, Plaintiff requests a copy of this Court's Order issued on April 20, 2026 ("April 20 Order"), *see* ECF No. 58, because Plaintiff only received one of two pages. ECF No. 59. She also requests the titles of all motions denied by this Court as moot in the April 20 Order and explains that she lacks access to the Court's Case Management/Electronic Case Filing system to cross-reference the motions directly. *Id.* Plaintiff also requests a 30-day extension of any deadlines set forth in the April 20 Order. *Id.*

Good cause appearing, the Motion to Identify is **GRANTED IN PART**. The Clerk of the Court is **DIRECTED** to mail Plaintiff a full copy of the April 20 Order (ECF No. 58) and a printed copy of the case docket. Plaintiff may reference the docket to identify the motions denied as moot in the April 20 Order.

Furthermore, to the extent Plaintiff did not receive the April 20 Order in its entirety and therefore was not aware of the deadlines therein, the Court **GRANTS** Plaintiff a 30-day extension. Plaintiff may file a first amended complaint by no later than **June 22, 2026**. Defendants **SHALL** file any responsive pleading by no later than **July 6, 2026**.

## VI.   CONCLUSION

For the reasons set forth above, the Court hereby (i) **DENIES** the following motions:

1. Plaintiff's January 22, 2026 motion for "a Court Order Directing CDCR/RJD to Give Plaintiff Video or Telephone Conference to Interview Witness (Inmate Witness) and Defendant Correctional Staff and Medical" (ECF No. 42);

2. Defendant's January 30, 2026 motion to strike Plaintiff's Interview Motion (ECF No. 46);

3:25-cv-00574-BJC-VET

3. Plaintiff's February 2, 2026 motion for "Court Ordering Video Neutral Evaluation [ENE] and Case Management Conference and Ordering CDCR Provide ADA Accommodations at the Conference" (ECF No. 49);

4. Plaintiff's February 2, 2026 motion for a "Protective Order and Order for Confidential Filings by All Parties" (ECF No. 50);

5. Plaintiff's February 10, 2026 "[Proposed] Protective Order" (ECF No. 53); and

6. Plaintiff's February 23, 2026 motion for an "Order Notifying RJD Warden of Pendency of this Action for Access to the Court Via Law Library" (ECF No. 56).

and (ii) **GRANTS IN PART** and **DENIES IN PART** Plaintiff's April 29, 2026 motion for the "Court to Identify Motions Denied as Moot in Order [ECF No 58]" (ECF No. 59).

The Court **DIRECTS** the Clerk of the Court to mail Plaintiff one copy of the April 20 Order (ECF No. 58) and a printed copy of the case docket.

**IT IS SO ORDERED.**

Dated: May 13, 2026

_____

Honorable Valerie E. Torres
United States Magistrate Judge

7

3:25-cv-00574-BJC-VET