UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONA S. MURILLO, CDCR # P43503, | Case No.: 25-cv-574-BJC-VET |
| Plaintiff, | **ORDER DISMISSING THE FIRST AMENDED COMPLAINT (ECF No. 64) AND DENYING THE FOLLOWING MOTIONS AS MOOT:** |
| v. | |
| JONATHAN P. COTA, et al., | **(1) MOTION TO APPOINT COUNSEL (ECF No. 38);** |
| Defendants. | |

**(1) MOTION TO APPOINT COUNSEL (ECF No. 38);**

**(2) MOTION FOR A TEMPORARY RESTRAINING ORDER (ECF No. 41);**

**(3) MOTION REQUESTING APPERANCE OF DEFENDANTS' COUNSEL (ECF No. 48);**

**(4) MOTION REQUESTING CLARIFICATION OF COURT'S ORDER (ECF No. 60);**

**(5) MOTION TO IDENTIFY JOHN DOES 1 TO 18 (ECF No. 61);**

**[ECF No. 64, 38, 41, 48, 60, 61]**

1

Before the Court is Mona Murillo's ("Plaintiff") First Amended Complaint ("FAC"). ECF No. 64.  For the reasons set forth below, the Court **DISMISSES** the FAC.  The Court also **DENIES** the following motions as moot: Motion to Appoint Counsel (ECF No. 38), Motion for a Temporary Restraining Order (ECF No. 41), Motion Requesting Appearance of Defendants' Counsel (ECF No. 48), Motion Requesting Clarification of Court's Order (ECF No. 60), Motion to Identify John Does 1 to 18 (ECF No. 61).

## DISUCSSION

Plaintiff is a state prisoner proceeding *pro se* with a civil rights complaint pursuant to 42 U.S.C. § 1983.  ECF No. 1; ECF No. 1-2.  On July 1, 2025, the Court screened the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b).  ECF No. 9.  The Court dismissed all claims against all Defendants for failure to state a claim, with the exception of the Americans with Disabilities Act ("ADA") and Rehabilitation Act ("RA") claims against Defendants CDCR, Moeckly, Lewis, Bracamonte, Contrell, Cowart and Does 1-10, the First Amendment retaliation claims against Defendants Lewis, Arroyo, Cota, Carrillo, Amaya, Alexander and Williamson, and the Eighth Amendment denial of medical care claims against Defendants Does 1-10.  *Id*. at 9–24.  Plaintiff was given the option of amending her complaint or proceeding only with those claims against the aforementioned Defendants.  *Id*. at 26.  On July 14, 2025, Plaintiff filed a notice stating that she wishes to proceed only with the claims that survived screening and has identified several of the Doe Defendants by name.  ECF No. 10.

On April 15, 2025, Plaintiff filed a "Motion to Amend the Remaining John Does." ECF No. 17.  On April 20, 2026, the Court granted Plaintiff's Motion and instructed Plaintiff to file an amended complaint no later than May 22, 2026.  On April 29, 2026, Plaintiff filed a "Motion Requesting Courts Clarification of Court Order," in which Plaintiff states

The Plaintiff does not seek, nor motion to Amended the Complaint Itself.  But

25-cv-574-BJC-VET

to Amend John Does out and Amended Complaint to reflect John Does By name and U.S. Marshal order to served the now identified John Does. The Plaintiff will not filed a Amended Complaint as no amendment is required and plaintiff continues to proceed with claims and defendants as per the screening order. (sic)

ECF No. 60 at 2.

Despite indicating previously to the contrary, on June 11, 2026, Plaintiff filed an amended complaint. ECF No. 64. Under Civil Rule 15.1(a), "[e]very pleading to which an amendment is permitted as a matter of right or has been allowed by court order, must be complete in itself without reference to the superseded pleading." S.D. Cal. CivLR 15.1(a). Here, Plaintiff's amended complaint does not comply with the local rule. Plaintiff has repeatedly indicated that she does not seek to amend the substance of her claims and instead seeks only to substitute identified individuals for previously unnamed Doe defendants. See ECF No. 60 at 2; ECF No. 64 at 5–6. However, the procedural mechanism for adding newly identified defendants is the filing of an amended complaint. *See* Fed. R. Civ. P. 15(a)(2); Merritt v. Co. of Los Angeles, 875 F.2d 765, 766 (9th Cir. 1989). Once filed, an amended complaint supersedes the prior pleading and therefore must be complete in itself without reference to any earlier complaint. *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated thereafter as nonexistent.").

Plaintiff's FAC does not include the ADA/RA claim or her retaliation claim. *See ECF No. 64* at 3-4. Instead, the FAC swaps out John Does 1-9 with names and titles and requests that the Court order the U.S. Marshall to serve the newly named Defendants. *See id.* at 5-6. The Court recognizes that Plaintiff did not intend to abandon the claims that survived screening. Because Plaintiff's FAC is not complete in itself, it does not comply with Civil Rule 15.1(a) and cannot serve as the operative pleading in this action. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989). Therefore, the Court **DISMISSES** the FAC.

Plaintiff may file a Second Amended Complaint ("SAC") that complies with Civil

25-cv-574-BJC-VET

Rule 15.1(a), which must include all claims, allegations, and defendants upon which she intends to proceed.  Plaintiff may not rely on or incorporate prior pleadings by reference.  The SAC must be complete in itself and must include all claims and defendants Plaintiff seeks to pursue in this action, including any defendants previously identified as Doe defendants.

### ORDERS

Accordingly, the Court **DISMISSES** Plaintiff's First Amended Complaint.  Plaintiff may file a Second Amended Complaint **no later than July 28, 2026**.  Defendant may file a responsive pleading **no later than August 11, 2026**.  Because there is no operative complaint upon which the following motions can be based, the Court **DENIES**  the following motions without prejudice:

(1) Motion to Appoint Counsel (ECF No. 38);

(2) Motion for a Temporary Restraining Order (ECF No. 41);

(3) Motion Requesting Appearance of Defendants' Counsel (ECF No. 48);

(4) Motion Requesting Clarification of Court's Order (ECF No. 60);

(5) Motion to Identify John Does 1 to 18 (ECF No. 61).

**IT IS SO ORDERED.**

Dated:  June 18, 2026

Honorable Benjamin J. Cheeks
United States District Judge

25-cv-574-BJC-VET