UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONA S. MURILLO,<br>CDCR # P43503,<br>Plaintiff,<br>v.<br>JONATHAN P. COTA, et al.,<br>Defendants. | Case No.: 25-cv-0574-BJC-VET<br>**ORDER DENYING MOTION FOR REVIEW OF MAGISTRATE'S ORDER PURSUANT TO FED. R. CIV. P. 72(A)**<br>**[ECF No. 47]** |

On January 14, 2026, Magistrate Judge Valerie Torres issued an order denying Plaintiff's following motions: (i) a Court Order "Ordering CDCR/RJD to Remove the Court IFP Order" ("IFP-Related Motion"); (ii) "Permission and a Standing Order That Medical or Mental Health Records Be Filed Confidential" ("Medical Records Motion"); (iii) "a Discovery Schedule for TRO Motion and Complaint" ("Discovery Motion"); and (iv) "Clerk Issued Subpoenas and Service by the Court's Clerk" ("Subpoena Motion") (collectively, the "Motions"). *See* ECF Nos. 13, 16, 36, 39. On February 2, 2026, Plaintiff filed a motion requesting a review of Judge Torres' order pursuant to Federal Rule of Civil Procedure 72(a). For the reasons discussed below, Plaintiff's motion is **DENIED**.

## I. BACKGROUND

The Court previously set forth the relevant factual background. *See* ECF No. 65. For ease of reference, the Court briefly summarizes the pertinent facts below.

Plaintiff is a state prisoner proceeding pro se with a civil rights complaint pursuant to 42 U.S.C. § 1983. ECF No. 1; ECF No. 1-2. On July 1, 2025, the Court screened the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). ECF No. 9. The Court dismissed all claims against all Defendants for failure to state a claim, with the exception of the Americans with Disabilities Act ("ADA") and Rehabilitation Act ("RA") claims against Defendants CDCR, Moeckly, Lewis, Bracamonte, Contrell, Cowart and Does 1 10, the First Amendment retaliation claims against Defendants Lewis, Arroyo, Cota, Carrillo, Amaya, Alexander and Williamson, and the Eighth Amendment denial of medical care claims against Defendants Does 1-10. *Id.* at 9–24. Plaintiff was given the option of amending her complaint or proceeding only with those claims against the aforementioned Defendants. *Id.* at 26. On July 14, 2025, Plaintiff filed a notice stating that she wishes to proceed only with the claims that survived screening and has identified several of the Doe Defendants by name. ECF No. 10.

On July 24, 2025, Plaintiff filed the IFP-Related Motion. ECF No. 13. On September 15, 2025, Plaintiff filed the Medical Records Motion. ECF No. 16. On November 6, 2025, Plaintiff filed the Discovery Motion. ECF No. 36. On January 7, 2026, Plaintiff filed the Subpoena Motion. ECF No. 39. On January 14, 2026, Magistrate Judge Valerie Torres denied each of these motions. ECF No. 40. Thereafter, on February 2, 2026, Plaintiff filed a motion seeking review of Judge Torres's order pursuant to Federal Rule of Civil Procedure 72(a). ECF No. 47.

## II. LEGAL STANDARD

Under Rule 72(a), after a magistrate judge issues a non-dispositive pretrial order, a party has fourteen days to object to the order. Fed. R. Civ. P. 72(a). Upon review, "[a] district judge . . . must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*; *see also* 28 U.S.C. §

636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."); *Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991) ("The district court shall defer to the magistrate's orders unless they are clearly erroneous or contrary to law."). "[A] magistrate's order is 'clearly erroneous' if, after considering all of the evidence, the district court is left with the definite and firm conviction that a mistake has been committed, and an order is 'contrary to law' when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Yent v. Baca*, 2002 WL 32810316, at *2 (C.D. Cal. Dec. 16, 2002). Noteably, "the reviewing district judge may not supplant his or her own judgment in place of the deciding magistrate judge." *La Jolla Spa MD, Inc. v. Avidas Pharms., LLC*, 2019 WL 5088559, ay *3 (S.D. Cal. Oct. 10, 2019); (citing *Grimes*, 951 F.2d at 241).

## III. **DISCUSSION**

Plaintiff raises several arguments. The Court addresses each in turn and concludes that Judge Torres's Order is neither clearly erroneous nor contrary to law.

### A. **Assignment of the Magistrate Judge**

Plaintiff first argues that Judge Torres lacked the authority to issue the January 14, 2026, Order. ECF No. 47 at 1. In support, Plaintiff references a separate action that she previously filed in this Court, *Murillo v. Via Path/GTL Technologies*, No. 25-CV-823 JLS (MSB) (S.D. Cal. Apr. 14, 2026). Plaintiff asserts that "[b]ecause the Hon. Valerie E. Torres is not the assigned magistrate judge on case no. 25-cv-0083, her order striking [a] motion from [the] court docket (25-cv-00823) was in excess of her power and [an] abuse of discretion." *Id.*

Plaintiff's argument is based on a misunderstanding of the record. Judge Torres is, and always has been, the assigned magistrate judge in the present action. *See* ECF No. 1. The January 14, 2026, Order addressed only Plaintiff's motions filed in this case—specifically ECF Nos. 13, 16, 36, and 39. Nothing in that Order concerned, affected, or purported to adjudicate any matter in Case No. 25-cv-00823. The Court therefore rejects

Plaintiff's contention that Judge Torres exceeded her authority.

**B. Request for Subpoenas**

In the Subpoena Motion, Plaintiff requested that the Court Clerk issue subpoenas to various third parties seeking the production of documents. ECF No. 39. Judge Torres denied Plaintiff's request, explaining that as of the date of the Order, at least 9 of the 29 named Defendants have not been served and no Defendant had filed a response to the Complaint. ECF No. 40 at 5. Plaintiff objects, arguing that "Plaintiff can at any time, even prior to discovery being officially open request signed blank subpoenas from the court clerk, to prepare them and the required motion for the U.S. Marshal service of subpoenas." ECF No. 47 at 2.

Plaintiff is mistaken. Under Rule 26(d)(1), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," absent an applicable exception. Fed. R. Civ. P. 26(d)(1). Notably "[t]he Ninth Circuit has held that when a defendant's identity is unknown at the time the complaint is filed, a court may grant the plaintiff leave to take early discovery to determine the defendant's identity 'unless it is clear that discovery would not uncover the identit[y], or that the complaint would be dismissed on other grounds.'" *Malibu Media, LLC v. Doe*, 319 F.R.D. 299, 302 (E.D. Cal. 2016); (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)).

At the time Judge Torres issued the January 14, 2026, Order, the parties had not yet conducted the Rule 26(f) conference, and no exception to Rule 26(d)(1) applied. Accordingly, discovery—including the issuance of subpoenas—could not commence. Accordingly, Judge Torres acted well within her authority in striking the Subpoena Motion.

**C. Defendants' Motion for Extension of Time**

On October 23, 2025, Defendants J. Farala, K. Tenorio, M. Blaisdell, J. Hodges, California Department of Corrections, T. Williamson, J. Lewis, K. Cowart, K. Cottrell, J. Cota, V. Carrillo, J. Moeckly, and P. Bracamonte filed an *ex parte* motion for an extension of time to file a responsive pleading. ECF No. 35. On April 20, 2026, the Court granted Plaintiff's motion to amend the complaint and denied the motion for extension of time as

moot. ECF No. 58.

In her objection, Plaintiff first contends that Defendants' motion for an extension of time remains pending and has not been granted. ECF No. 47 at 2. Plaintiff also notes that Defendants J. Amaya, Marcus Alexander, D. Arroyo, and R. Barenchi did not join the motion. Based on this observation, Plaintiff argues that those Defendants have waived any affirmative defenses available under Rule 12 of the Federal Rules of Civil Procedure.

Plaintiff's arguments are unpersuasive. After the Court granted Plaintiff leave to file an amended complaint, the operative pleading changed, rendering Defendants' motion for an extension of time to respond to the prior complaint moot. The Court, therefore, denied the motion. Whether certain Defendants joined the motion for an extension of time is likewise moot in light of the procedural posture of this case. Accordingly, Judge Torres did not err in denying the motion.

**D. Request for Discovery**

In the Discovery Motion, Plaintiff asks the Court to open discovery and issue a "discovery schedule." ECF No. 36 at 1. Judge Torres denied Plaintiff's request, explaining that as of the date of the Order, at least 9 of the 29 named Defendants have not been served and no Defendant had filed a response to the Complaint. ECF No. 40 at 5. Plaintiff objects to that determination, arguing that whether Defendants have filed responsive pleadings "should [have] no legal bearing on discovery." ECF No. 47 at 3.

Plaintiff's objection lacks merit. Under Rule 26(d)(1), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," absent an applicable exception. Fed. R. Civ. P. 26(d)(1). At the time Judge Torres issued the January 14, 2026, Order, the parties had not conducted a Rule 26(f) conference, and Plaintiff identifies no applicable exception permitting discovery to proceed. Given that numerous Defendants had not yet been served and the case had not progressed to the scheduling stage, Judge Torres did not err in concluding that Plaintiff's request to open discovery was premature. Accordingly, Plaintiff has failed to demonstrate that Judge Torres's ruling was clearly erroneous or contrary to law, and the objection is overruled.

**E. Protective Order**

On September 15, 2025, Plaintiff filed Medical Records Motion seeking permission to both file medical records as confidential and a standing order directing parties to file medical records as confidential. ECF No. 16 at 1. In the January 14, 2026 Order, Judge Torres construed the motion as a request to seal Plaintiff's medical records. ECF No. 40 at 4. Although Plaintiff attached medical records to the Complaint, she did not submit any medical records with the Medical Records Motion. *Id.* Accordingly, Judge Torres denied the motion because there were no medical records before the Court to seal. *Id.* In her objection, Plaintiff asserts that she "filed over 500 pages of relevant medical and mental health records." ECF No. 47 at 4.

The Court agrees with Judge Torres's ruling. At the time the motion was decided, there were no medical records submitted in connection with the motion for the Court to seal, and the denial was therefore appropriate. *See* ECF No. 16. Should Plaintiff file an amended complaint and submit medical records together with a renewed motion to seal or a motion for a protective order, the Court will consider the request at that time.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff has failed to demonstrate that any portion of Judge Torres's January 14, 2026, Order is clearly erroneous or contrary to law. Accordingly, Plaintiff's objections is **OVERRULED**, ECF No. 47, and Judge Torres's January 14, 2026, Order is **AFFIRMED**. ECF No. 40.

**IT IS SO ORDERED.**

Dated: September 1, 2026



Honorable Benjamin J. Cheeks
United States District Judge